**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MISAEL AMADOR CRUZ,<br>Petitioner,<br>v.<br>D. MARIN, et al.,<br>Respondents. | Case No. 5:26-cv-03285-SVW (SK)<br><br>**ORDER GRANTING PETITION IN PART ONLY (BOND HEARING)** |

Petitioner Misael Amador Cruz is a native and citizen of Mexico detained in federal immigration custody at the Adelanto ICE Processing Center. (ECF 7-1 ¶ 4; ECF 1 at 9). He has been in custody since his arrest in December 2025. (ECF 1 at 21-23, 26; ECF 7-4 at 1). Although he was ordered removed by the immigration court in March 2026, petitioner appealed that removal order to the Board of Immigration Appeals (BIA) the next month. (ECF 7-3; ECF 7-4 at 1–4; ECF 17-2; ECF 17 at 2). Because that removal-appeal remains pending, petitioner is not yet subject to an administratively final order of removal—and so remains detained under 8 U.S.C. § 1226(a). *See Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *5 (9th Cir. July 30, 2026); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008).

Pertinent here, the government scheduled petitioner for a *Rodriguez* bond hearing on July 1, 2026. (ECF 17-1 at 1; ECF 17 at 2). For complicated procedural and historical reasons not material here, immigration detainees in custody within the Central District of California must be given a prolonged-detention hearing after six months or more of continuous detention. *See Rodriguez v. Holder*, No. CV 07-03239-TJH, 2013 WL 5229795, at *2-3 (C.D. Cal. Aug. 6, 2013). At such a hearing, it is the government's burden to justify—by clear and convincing evidence—the need for a noncitizen's continued detention pending removal proceedings. Here, though, petitioner was evidently not ready to proceed at the hearing and requested more time to prepare. (ECF 17-1 at 1; ECF 17 at 2). The immigration judge thus denied petitioner's bond request without prejudice.

Meanwhile, in June 2026, petitioner filed a pro se petition seeking release under 28 U.S.C. § 2241, along with an ex parte application for a temporary restraining order (TRO) also seeking release. (ECF 1; ECF 2). This court denied the TRO application for procedural reasons only on July 1, 2026. (ECF 10). Afterward, respondents answered the petition, explaining that they did not oppose the petition insofar as petitioner was entitled to a discretionary bond hearing before an immigration judge under § 1226(a). (ECF 7 at 3). At the same time, though, respondents never explained why petitioner's *Rodriguez* bond hearing had not been rescheduled even though he has been in continuous custody since December 2025.

Contrary to respondents' apparent assumption that it is petitioner's burden to schedule the *Rodriguez* bond hearing himself, the relevant injunction in this district requires that the government schedule the hearing "automatically" and provide "notice, in writing . . . prior to the hearing." 2013 WL 5229795, at *2-3.

* * *

For these reasons, the petition under 28 U.S.C. § 2241 is GRANTED IN PART ONLY. Within 14 days of this order, Petitioner MISAEL AMADOR CRUZ (A# 246-060-683) shall receive a *Rodriguez* bond hearing—with at least 7 days' notice—at which the government bears the burden of proving by clear and convincing evidence that he is a flight risk or a danger to the community to justify his continued detention pending removal proceedings. *See* 28 U.S.C. § 2243; *see also Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) (federal courts retain "flexibility in fashioning specific habeas relief"); *Mieres v. Johnson*, No. 5:26-cv-02795-KK, 2026 WL 1764916, at *5 n.4 (C.D. Cal. June 12, 2026) (granting similar tailored relief of *Rodriguez* bond hearing in similar posture rather than release from custody).

IT IS SO ORDERED.

DATED: October 8, 2026

HON. STEPHEN V. WILSON
United States District Judge